[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13642
Non-Argument Calendar
_____

D.C. Docket No. 3:12-cv-01390-MMH-JRK

NORMAN H. LAWTON,

Plaintiff-Appellant,

versus

NORMA J. ROSEN,
STATE OF FLORIDA FLORIDA SUPREME COURT,
a.k.a. State of Florida,
STATE OF FLORIDA ASSISTANT ATTORNEY GENERAL/ CSEA,
STATE OF FLORIDA DEPARTMENT OF REVENUE/ CSE,
STATE OF FLORIDA DEPARTMENT OF REVENUE/ CSEA, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 4, 2014)

Before CARNES, Chief Judge, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Norman Lawton, proceeding pro se, appeals the district court's sua sponte dismissal of his civil complaint for lack of subject-matter jurisdiction under the Rooker-Feldman doctrine[1] and for seeking monetary relief against defendants immune from suit under the Eleventh Amendment.  In his complaint, Lawton alleged that his ex-wife, officials with the Florida Supreme Court, and the Florida and Ohio child support enforcement agencies (CSEAs) violated various federal and state laws in seeking and enforcing a child-support order against him, which required him to pay $44,082.66 in child-support arrears to his ex-wife.  After he moved to proceed in forma pauperis, the district court dismissed Lawton's complaint under 28 U.S.C. § 1915(e)(2)(B) as barred by the Rooker-Feldman doctrine because his claims challenged the validity of the state court child-support order.  The court additionally found that the Florida and Ohio CSEAs were entitled to sovereign immunity under the Eleventh Amendment.

Lawton contends that his claims are not barred for lack of subject-matter jurisdiction under the Rooker-Feldman doctrine because that doctrine does not prohibit, but instead empowers, lower federal courts "to correct wrong judgments" by state courts "to the extent that they incorrectly adjudge federal rights."  Lawton misconstrues the doctrine.  The Rooker-Feldman doctrine provides that "federal district courts cannot review state court final judgments because that task is

---

[1] See Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303 (1983).

2

reserved for state appellate courts or, as a last resort, the United States Supreme Court." Casale v. Tillman, 558 F.3d 1258, 1260 (11th Cir. 2009). It applies to all "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil v. Saudi Basic Indus., 544 U.S. 280, 284, 125 S.Ct. 1517, 1521–22 (2005). And it extends not only to federal claims actually raised in state court, but also to federal claims "inextricably intertwined" with the state court's judgment, meaning those that can "succeed[] only to the extent that the state court wrongly decided the issues" before it. Casale, 558 F.3d at 1260 (quotation marks omitted).

Because Lawton's claims attacked the validity of the child-support proceedings already litigated in state court and the judgments that resulted from those proceedings, they can "succeed[] only to the extent" that the state courts wrongly decided the issue of his child-support obligations. Id. Those claims are therefore "inextricably intertwined" with the state court's child support order and the district court did not err in dismissing them for lack of subject-matter jurisdiction under the Rooker-Feldman doctrine.[2]

---

[2] We need not address the district court's Eleventh Amendment ruling, which Lawton does not specifically challenge on appeal, because the applicability of the Rooker-Feldman doctrine fully disposes of this appeal.

3

**AFFIRMED.**[3]

---

[3] Lawton's motion to certify a question of law to the Supreme Court pursuant to 28 U.S.C. § 1254(2) and motion for attorney sanctions and an award of costs pursuant to Fed. R. App. P. 46(c) are denied.

4